## STATE v. WILLIAM V. FAGERSTROM.

176 N. W. (2d) 261.

March 13, 1970—No. 41622.

*C. Paul Jones,* State Public Defender, *G. Thomas MacIntosh II,* Assistant State Public Defender, and *Donald Smith,* for appellant.

*Douglas M. Head,* Attorney General, *John E. MacGibbon,* County Attorney, and *Robert B. Danforth,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from a conviction of attempted murder in the first degree and from the denial of a motion for a new trial.

Defendant-appellant, William V. Fagerstrom, an inmate of the State Reformatory at St. Cloud, was involved in an altercation with a fellow inmate on February 20, 1967. On March 2, 1967, a complaint was filed in the St. Cloud municipal court charging defendant with attempted first-degree murder. At that time defendant waived a preliminary hearing. Walter Johnson, the public defender for the Tenth Judicial District, was subsequently appointed to represent defendant. On April 3, 1967, defendant again appeared in municipal court represented by Mr. Johnson and reaffirmed his waiver of a preliminary hearing.

On May 31, 1967, defendant was found by the probate court of Sherburne County to be mentally ill and was committed to the Minnesota Security Hospital. On September 26, 1967, following a hearing in the probate court, he was restored to capacity and discharged from the hospital.

Defendant was arraigned on September 29, 1967, and pleaded not guilty by reason of insanity. Trial was set for the February 1968 term of court. At this September 29 appearance, defendant stated he had had full opportunity to talk with his attorney, Mr. Johnson, and at no time did defendant express dissatisfaction with his counsel. On February 13 and 15, 1968, defendant appeared in district court and moved for a change of venue on the grounds that he could not obtain a fair trial in Sherburne County due to the hostility of the residents toward inmates of the St. Cloud reformatory. The motion was denied and defendant expressed the desire to appeal the decision directly to the supreme court with the aid of the public defender's office. He was granted a continuance to give him an opportunity to contact the public defender.

On February 28, 1968, the date set for trial, defendant expressed a desire for a different attorney and requested a continuance in order to allow him to obtain counsel through the

Bureau of Indian Affairs or, if none were available, another public defender to represent him. At no time did defendant produce evidence that he could secure counsel through the bureau, nor did he state that he was dissatisfied with his counsel, Mr. Johnson. The court refused to continue the matter and proceeded with a Rasmussen hearing and the trial. Defendant refused to represent himself and refused to allow Mr. Johnson to represent him. However, defendant did question one witness and addressed the jury at the time of the final argument. Attorney Johnson was present and available to defendant throughout the trial. The jury returned a verdict of guilty of attempted murder in the first degree.

The issues considered on this appeal are as follows: (1) Was defendant denied his constitutional right to counsel when the trial court refused to grant his request for a continuance to permit him to engage another attorney to represent him? (2) Was defendant denied his constitutional right to a speedy trial when the trial did not commence until one year after his "arrest"? (3) Were his rights to be taken before a judge or magistrate with all practicable speed violated when 11 days elapsed between the date on which the altercation occurred and defendant's appearance before the magistrate? (4) Was the denial of defendant's motion for change of venue improper?

U. S. Const. Amend. VI provides a Federal criminal defendant the right to have the assistance of counsel for his own defense. The Fourteenth Amendment guarantees the same right to a defendant charged with a state crime, as does Minn. Const. art. 1, § 6. This right includes a fair opportunity to secure counsel of his own choice. Chandler v. Fretag, 348 U. S. 3, 75 S. Ct. 1, 99 L. ed. 4. Furthermore, one who is indigent has the right to be provided counsel in all criminal proceedings, Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, and indeed at every stage of the criminal process. See, United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149; Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694.

However, the right of an indigent to have counsel does not give him the unbridled right to be represented by counsel of his own choosing. The court is obligated to furnish an indigent with a capable attorney, but he must accept the court's appointee. Although he may ask for a substitution, his request will be granted only if exceptional circumstances exist and the demand seems reasonable. See, Reiff v. United States (9 Cir.) 299 F. (2d) 366; Raullerson v. Patterson (D. Colo.) 272 F. Supp. 495; United States v. Grow (4 Cir.) 394 F. (2d) 182, 209, certiorari denied sub nom. Grow v. United States, 393 U. S. 840, 89 S. Ct. 118, 21 L. ed. (2d) 111; United States v. Mitchell (2 Cir.) 138 F. (2d) 831, certiorari denied, 321 U. S. 794, 64 S. Ct. 785, 88 L. ed. 1083.

■ The matter of continuance to permit substitution of counsel is traditionally within the discretion of the trial judge; his decision is to be based on the facts and circumstances surrounding the request. See, Ungar v. Sarafite, 376 U. S. 575, 84 S. Ct. 841, 11 L. ed. (2d) 921; Sam v. United States (10 Cir.) 385 F. (2d) 213; State v. Huber, 275 Minn. 475, 148 N. W. (2d) 137.

A defendant may not obtain a continuance by discharging his counsel for purposes of delay or by arbitrarily choosing to substitute counsel at the time of trial. City of Minneapolis v. Price, 280 Minn. 429, 159 N. W. (2d) 776; People v. Byoune, 65 Cal. (2d) 345, 54 Cal. Rptr. 749, 420 P. (2d) 221. This rule is a necessary result of the need for sound judicial administration and for a speedy trial, also guaranteed by U. S. Const. Amends. VI and XIV, and by Minn. Const. art. 1, § 6. United States v. Mitchell (2 Cir.) 354 F. (2d) 767. Another factor which this court has looked to in determining whether the trial court was within its sound discretion in denying a motion for a continuance is whether the defendant was prejudiced in preparing and presenting his defense. City of Minneapolis v. Price, *supra*.

■ This is not a situation in which defendant was denied counsel altogether. Counsel appointed for him was an able and experienced trial lawyer. Furthermore, since defendant alleged no specific reason why he felt the public defender could not ade-

quately defend him, he has not shown that any prejudice resulted from the refusal to grant him a continuance. See, People v. Massie, 66 Cal. (2d) 899, 59 Cal. Rptr. 733, 428 P. (2d) 869.

Counsel was appointed for defendant almost a year prior to trial. Such counsel made an appearance with defendant to waive preliminary hearing, and a second appearance was made at the arraignment. Two weeks prior to trial, the public defender made certain motions on behalf of defendant. It was not until the day of trial that defendant requested different counsel. The trial court found that defendant had ample time prior to trial to make his request. The court also stated that defendant was completely and adequately represented. In view of the deference necessarily due the determination of the trial court in regard to the granting or denying of a continuance, we cannot say defendant was denied due process of law. See, Ungar v. Sarafite, *supra.*

Defendant cites United States v. Mitchell, *supra,* as authority for the proposition that a motion for a continuance made by defendant on the day of trial solely on the ground of lack of confidence in his counsel must be granted in order to satisfy due process requirements. However, the Mitchell case is distinguishable. There, before trial, the defendant, accused of wilful failure to report for induction into the Armed Forces, had moved for a continuance to obtain new counsel. The Court of Appeals held that it was an abuse of discretion for the trial judge to grant only 5 days to obtain counsel. However, under the facts of Mitchell, there was no delay comparable to that involved in the instant case. Secondly, a privately retained counsel represented the defendant in Mitchell, whereas here the public defender was appointed to represent defendant. Finally, the instant case does not involve complex issues with decided "First Amendment overtones" and "various intricacies of the Selective Service Law" (354 F. [2d] 769) which justified a continuance in the Mitchell case. Cf. Ungar v. Sarafite, *supra;* see, also, United States ex rel. Gallo v. Follette (S. D. N. Y.) 270 F. Supp. 507.

■ Defendant's next contention is that he was denied his con-

stitutional right to a speedy trial due to a 1-year delay between the time of the arrest and trial. We are not persuaded by this argument. Defendant was committed to the Minnesota Security Hospital at St. Peter and was not restored to capacity until September 26, 1967. Until that time, it is presumed he was incompetent to stand trial. From the time of his arraignment on September 29, 1967, until trial on February 28, 1968, there was a 5-month delay. The only explanation for the delay seems to be the termination of the court's term before the matter could be heard.

As stated in State v. Hartman, 272 Minn. 58, 136 N. W. (2d) 543, this court strongly disapproves of delays of this type. Criminal matters should be brought to trial with reasonable dispatch, even though the court is out of term. In the instant case, however, as in Hartman, no prejudice was shown to have resulted from the delay. Defendant was willing to continue the case another 6 months in order to obtain another counsel. He was incarcerated for another offense in any event. Thus, defendant should not be discharged on this ground although in serving his sentence defendant should be credited with the time he spent in prison subsequent to his arraignment until his trial. See, State v. Hartman, *supra.*

■ The next issue is the effect of the 10-day delay between defendant's so-called "arrest" and his appearance in which he waived preliminary hearing. He claims this delay was a violation of Minn. St. 629.14, which requires an accused to be taken before a judge or magistrate "with all practicable speed" subsequent to his arrest.

Although we disapprove of any delay in such matters, we cannot see that the delay in this case caused any prejudice. Since defendant was an inmate at the State Reformatory, the question of the time of his arrest becomes academic. He remained in custody of the commissioner of corrections at all times. Furthermore, any interrogation by the sheriff occurred only after de-

fendant was advised of his rights. See, State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768, certiorari denied, 390 U. S. 990, 88 S. Ct. 1190, 19 L. ed. (2d) 1297.

■ The final issue is whether defendant should have been granted a change of venue on the basis of the alleged prejudice of the residents of Sherburne County toward St. Cloud reformatory inmates. Other than his own affidavit, however, defendant offered no evidence of bias or prejudice. Since whether a change of venue should be granted is largely within the discretion of the trial judge and there has not been a sufficiently strong showing by defendant to establish the need for a change of venue, we affirm the trial court's ruling on this issue. We conclude that there is no merit to defendant's contention that he was denied his right to an impartial jury by reason of the court's ruling on the venue issue. See, Berry v. North Pine Elec. Co-op. Inc. 235 Minn. 562, 569, 50 N. W. (2d) 117, 123.

The record amply sustains the conviction entered herein.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.