STATE v. ANDREW MICHAEL McKELVY.

196 N. W. 2d 595.

April 7, 1972—No. 42590.

C. *Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Mason, JJ.

Per Curiam.

Defendant was found guilty of the crime of aggravated robbery, Minn. St. 609.245, and sentenced to an indeterminate term. The appeal is from the judgment of conviction.

The issues to be determined are: (1) Whether defendant was denied adequate representation by counsel when the trial court denied appointment of another attorney on the day of trial; (2) whether the trial court erred in permitting in-court identification of defendant; and (3) whether there was sufficient foundation for identification of a necklace taken from one of the victims.

Clyde L. Smith and Anna Smith, his wife, operated an art framing and repair shop in Minneapolis. At about 2 p. m. on September 19, 1969, they were working in the rear of the shop when Mrs. Smith heard a buzzer signaling the entry of a customer. She went to the display area in the front part of the store and greeted the customer whom she later identified as defendant. For approximately 20 minutes, she exhibited and explained various items to defendant, who then asked to use the telephone. Mrs. Smith took him to the telephone which was located in the shop area where her husband was working. After several attempts by defendant to complete his call, Mrs. Smith asked him to return to the display area of the store.

A few moments later, defendant returned to the workroom area, again attempted to use the telephone, and then pulled out a gun and said, "This is a holdup." He then took about $59 from the cash drawer and from the Smiths as well as a pearl necklace from Mrs. Smith. After binding and gagging both victims, defendant left the shop.

The Smiths immediately freed themselves, called the police, and gave a description of the robber. A short time later, police officers apprehended defendant 4 blocks from the Smiths' shop. Defendant was carrying a shoe bag in which the officers found a pearl necklace, a roll of black plastic tape, and a loaded .32-caliber revolver. In addition, about $70 in currency was found on defendant's person.

Later that evening at a police lineup, the Smiths identified defendant as the robber. Because defendant was not represented by counsel at the lineup, the trial court ruled the identification made therein inadmissible at trial.

1. Following rulings of the court after a Rasmussen hearing and immediately preceding the trial, defendant first informed the court that he was dissatisfied with his counsel and requested the appointment of another attorney. After a careful and lengthy inquiry, defend-

ant's request was denied. The public defender representing defendant was an experienced and able trial lawyer. We find no error in the trial court's determination. State v. Fagerstrom, 286 Minn. 295, 176 N. W. 2d 261 (1970).

2. The facts here clearly show that their observation of defendant for approximately 30 minutes in the store was more than adequate to furnish the witnesses with a basis independent of the lineup for their in-court identification. The court properly instructed the jury on this aspect of the case, and there was no error. United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. 2d 1149 (1967); State v. Burgess, 290 Minn. 480, 185 N. W. 2d 537 (1971).

3. Mrs. Smith's identification of the pearl necklace found in defendant's shoe bag as the one which had been taken from her at the time of the robbery was not objected to at time of trial. The foundation was sufficient, and there was no error.

Affirmed.