**STATE of Minnesota, Respondent,**

. v.

**Michael Wayne JOHNSON, Appellant.**

No. C8-87-1193.

Court of Appeals of Minnesota.

Dec. 29, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, David C. Brown, Clifford B. Wardlaw, Asst. Co. Attys., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Melissa Sheridan, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by
HUSPENI, P.J., and PARKER and
LOMMEN, JJ., with oral argument
waived.

## OPINION

A. PAUL LOMMEN, Judge.*

Michael Wayne Johnson, appellant, was convicted of one count of burglary in the second degree, Minn.Stat. § 609.582, subd. 2. He contends that (1) the trial court erred in admitting a statement he made to police shortly after his arrest, (2) the trial court erred in refusing to grant him a continuance until he could obtain private counsel, and (3) the evidence was insufficient to show that he intended to commit a theft when he broke into the pharmacy. We affirm.

## FACTS

On the morning of November 7, 1986, at approximately 12:38 a.m., the Minneapolis Police Department received a report that the silent burglar alarm at the Snyder Drug at 2500 Central Avenue Northeast had gone off. Officer Fiega responded to the call and proceeded to the store. When he arrived, he observed that the plate glass window on the Lowry Avenue side of the store had been broken out. Officer Fiega noticed that someone was inside the store. Another officer, Officer Jachymowski, arrived and ordered the person, later identified as appellant, to come out. When the appellant stepped out of the hole in the window, the officers placed him under arrest. Officer Fiega then searched appellant and found in his rear pocket "a pint plastic bottle of controlled substance, an expectorant of some type containing codeine, and in the jacket pocket there was a small bottle of valium."

The officers placed appellant in the back of the squad car. Officer Fiega read appellant a statement containing the *Miranda* rights. Officer Fiega testified that when appellant was asked whether he understood his rights, appellant indicated that he understood them. When asked if he wanted to talk at that time, appellant shrugged his shoulders. [Appellant did not testify at the *Rassmussen* hearing about the incident.] Officer Fiega then asked appellant how he had broken the window of the store. Appellant replied that he kicked it out with his foot.

At trial, the owner of the store identified the pint size bottle as one which came from the Snyder's Warehouse, though he could not specifically identify it as one that came from his store. He stated that it was the kind of bottle that only a licensed pharmacist or physician would have. He also stated that he could not say for sure that the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

bottle containing the valium came from his store. However, he did say that the bottle was mislabeled and therefore not the kind that a person would receive if they had a prescription for valium. Mr. Murray further testified that some of the drawers that he had closed the night before when he locked up the pharmacy for the night had been opened.

On December 23, 1986, the case was scheduled for a pre-trial conference. At this conference, appellant indicated that he wished to hire private counsel and the court continued the matter until January 7, 1987. By January 7, appellant still had not arranged for private counsel. The court set the matter for trial. On March 3, 1987, the court held a *Rasmussen* hearing. At that time, the public defender appointed to represent appellant moved for another continuance to allow appellant to hire private counsel. The court refused stating:

> This matter's first appearance was November 7, 1986.[1] That's almost four months ago. If he was going to get another lawyer he should have done it long before now.

Defense counsel stated he called the office of the private counsel that appellant claimed he had retained, but that "they [had] no knowledge of any contracts or any agreement whereby [private counsel] has been retained to represent [appellant]."

### ISSUES

1. Did the trial court err in admitting appellant's incriminating statement?

2. Did the trial court err in refusing to grant a continuance to enable appellant to hire private counsel?

3. Was the evidence sufficient to show that appellant intended to commit a theft?

### ANALYSIS

#### I.

■ After appellant refused to testify at the *Rasmussen* hearing, defense counsel stated that it would make no motion to exclude the incriminating statement made to Officer Fiega. When the officer testi-

fied at trial regarding this statement, defense counsel did not object. A defendant who fails to object at trial to the trial court's admission of police testimony of statements he made following receipt of a *Miranda* warning during post-arrest interrogation forfeits his right to have the issue considered on appeal. *State v. Beard*, 288 N.W.2d 717, 718 (Minn.1980). "[This] rule may be relaxed in unusual circumstances where to otherwise stand upon technical niceties might result in a manifest miscarriage of justice * * *." *State v. Sutton*, 277 Minn. 157, 161, 152 N.W.2d 57, 60 n. 8 (1967). However, we find no such circumstances here. Therefore, we hold that appellant waived his right to raise this issue.

#### II.

■ The next issue is whether the trial court's refusal to grant appellant a second continuance to obtain private counsel was error. The Fourteenth Amendment and Minn. Const. art. 1, § 6, guarantee a defendant a fair opportunity to secure counsel of his own choice. *Chandler v. Fretag*, 348 U.S. 3, 10, 75 S.Ct. 1, 5, 99 L.Ed. 4 (1954); *State v. Fagerstrom*, 286 Minn. 295, 298, 176 N.W.2d 261, 264 (1970). However, the matter of continuance to permit substitution of counsel is traditionally within the discretion of the trial judge and its decision is to be based on the facts and circumstances surrounding the request. *Fagerstrom*, 286 Minn. at 299, 176 N.W.2d at 264.

■ Appellant has demonstrated no prejudice which has resulted from the trial court's refusal to grant him a continuance. Appointed counsel represented appellant admirably given appellant's uncooperative attitude (especially his refusal to testify at the *Rasmussen* hearing). In addition, we agree with the court that appellant had ample opportunity to obtain private counsel. The discretion vested in the trial court regarding the granting of a continuance is "a necessary result of the need for sound judicial administration and for a speedy trial." *Id.* We believe that the trial court did not abuse this discretion.

---

1. This was the date appellant was arrested.

### III.

"In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged." *State v. Turnipseed*, 297 N.W.2d 308, 313 (Minn.1980) (quoting *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978)). This court "must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence." *Id.*

 Specifically, appellant alleges that the evidence was insufficient to prove beyond a reasonable doubt that he had the intent to commit a theft when he broke into the drug store. "Generally a person's intent must be determined 'from his words (if any) and actions in the light of all the surrounding circumstances.'" *State v. Hardimon*, 310 N.W.2d 564, 566 (Minn. 1981) (quoting from W. LaFave and A. Scott, *Criminal Law*, at 203 (1972)). According to 10 Minnesota Practice, CRIM. JIG, 17.07 (1985), whether a defendant had the requisite intent for the crime of burglary must be determined from "all the circumstances, including the manner and the time of entry, the nature of the building and its contents, any things which defendant may have had with him and all the other evidence in the case." Among the factors considered in determining whether a defendant possessed intent to commit theft are (1) the time of the incident, and (2) whether there was a forcible entry. *See State v. Nelson*, 363 N.W.2d 81, 83 (Minn. Ct.App.1985).

In this case, the evidence supports a finding that appellant possessed the requisite intent. Appellant entered a drug store at 12:38 in the morning. He did so by kicking in the plate glass window. Several drawers in the area of the pharmacy had been opened. Police found two items which could have come from the drug store (though they were not positively identified as such) on appellant when they searched him. All these facts support a finding that he intended to commit a theft when he entered the store.

### DECISION

The trial court properly admitted appellant's post-arrest statement to police. The court did not abuse its discretion in refusing to grant appellant a continuance to obtain private counsel. There was sufficient evidence to convict appellant on one count of second degree burglary.

Affirmed.