**STATE of Minnesota**

v.

**Leonard Joseph RICHARDS.**

**No. C1-90-2261.**

Supreme Court of Minnesota.

Nov. 28, 1990.

Rehearing Denied Jan. 9, 1991.

ORDER

Based on the question certified to this court by the Hennepin County District Court and on all files, records, and proceedings herein,

IT IS HEREBY ORDERED:

1. That reinstatement of the convictions is vacated.

2. That defendant Leonard Joseph Richards shall proceed to trial *pro se* on February 25, 1991 at 9:30 a.m. as ordered by the trial court. The only error in defendant's initial conviction was the failure to recognize his invocation of the limited right to represent himself and that error is fully corrected by presenting defendant the opportunity to represent himself in a new trial.

3. As ordered by the trial court, defendant will proceed to trial *pro se* on February 25, 1991, with Douglas Hall or William McGee or both as his appointed standby counsel. Defendant will have the opportunity, as does any *pro se* criminal defendant, to consult his appointed counsel to the extent he desires and to at any point request that counsel proceed in his place. *See* Minn.R.Crim.P. 5.02, subd. 1.

4. Defendant shall not be permitted to request substitution of standby counsel unless, in the trial court's discretion, his request is timely and reasonable and reflects extraordinary circumstances. *See State v. Fagerstrom,* 286 Minn. 295, 176 N.W.2d 261 (1970) (defendant may not obtain continuance by discharging counsel for purposes of delay); *Carey v. State of Minnesota,* 767 F.2d 440, 441–42 (8th Cir.1985) (criminal defendant does not have absolute right to choice of counsel); *United States v. Gorman,* 661 F.Supp. 1087, 1088 (D.Minn.1987) (defendant's right to choice of counsel must be balanced against public interest in prompt, efficient, orderly administration of justice).

5. Should defendant engage in disruptive or uncooperative conduct, including but not limited to threatening the well-being of counsel, disrupting court proceedings, or refusing to appear in court, the trial court may conclude in its discretion that defendant has waived his limited right to represent himself and may permit counsel to proceed with his defense. *See Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975); *Illinois v. Allen,* 397 U.S. 337, 342, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970).

6. Should defendant hire standby counsel at his own expense to advise him in preparing and conducting his defense, the trial court will require defendant to compensate the state prior to February 25, 1991, for all or part of the expense already borne in providing appointed counsel with respect to the pending charge. In the event defendant hires standby counsel at his own expense but fails to reimburse the state for expenses already incurred, he shall proceed to trial with standby counsel as previously appointed by the court. No continuance shall be granted to permit defendant to hire standby counsel or to obtain time to reimburse the state. *See* Minn.R.Crim.P. 5.02, subd. 5.