*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A15-0102

State of Minnesota,
Respondent,

vs.

Michael Robert Robinson,
Appellant.

**Filed December 7, 2015**
**Affirmed in part, reversed in part, and remanded**
**Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-11-21246

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

On appeal from his conviction of first-degree controlled-substance crime, appellant argues that the district court erred by (1) denying his presentence motion to

withdraw his guilty plea, (2) not sentencing him to a downward durational departure, and (3) sentencing him based on an incorrect criminal-history score. Because the district court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea or by declining to impose a durational sentencing departure, we affirm in part. But because the district court erred by basing its sentence on an incorrect criminal-history score, we reverse in part and remand.

## FACTS

On June 20, 2011, respondent State of Minnesota charged appellant Michael Robert Robinson with four counts of first-degree controlled-substance crime (sale). The complaint alleged that on four occasions between March and April 2010, Robinson sold cocaine to a confidential reliable informant (CRI). On each occasion, the CRI arranged to make a controlled buy from Robinson using prerecorded buy funds. After each controlled buy, law enforcement field-tested the substance, and each time the substance tested positive for cocaine.

On August 27, 2012, the parties appeared for trial. Robinson moved to discharge his court-appointed attorney. He argued that he and his attorney did not "see eye-to-eye" and that he believed it would be in his best interests to hire a different attorney. Robinson had not yet retained an attorney, but claimed he could get one from a legal rights organization. The district court denied Robinson's motion and directed him to proceed with his appointed counsel.

After a brief recess, the parties informed the district court that they had reached a plea agreement. Robinson pleaded guilty to one count of first-degree controlled-

2

substance crime, and the state agreed to dismiss the remaining three counts at sentencing. The agreement called for a sentence of 90 months, a downward departure, conditioned on Robinson remaining law-abiding and appearing for sentencing. The agreement further provided that if Robinson failed to remain law-abiding or did not appear for sentencing, the district court would impose a presumptive 146-month sentence. The plea was based on the parties' belief that Robinson's criminal-history score was five.

Robinson did not appear for sentencing, and was not brought back before the district court until October 2014, nearly two years after his scheduled sentencing date. The state asked the court to impose a 146-month sentence in accordance with the plea agreement. Robinson moved to withdraw his guilty plea, arguing he only pleaded guilty because the district court denied his request to discharge his court-appointed attorney so he could retain new counsel. The district court denied the motion and sentenced Robinson to 146 months in prison. Robinson appeals.

**D E C I S I O N**

**I.     The district court did not abuse its discretion by denying Robinson's request to withdraw his guilty plea.**

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Withdrawal is appropriate in two circumstances. First, a district court must allow a defendant to withdraw his plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, a district court may permit withdrawal before sentencing "if it

3

is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Robinson moved to withdraw his guilty plea before sentencing; therefore, the fair and just standard applies.

Under the fair and just standard, the district court must consider: (1) the reasons a defendant advances to support withdrawal and (2) potential prejudice to the state. *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010). We review the denial of a motion to withdraw a guilty plea under the fair and just standard for an abuse of discretion, and will reverse only in a "rare case." *State v. Cubas*, 838 N.W.2d 220, 223 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Dec. 31, 2013).

Robinson argues in both his principal and pro se supplemental briefs that the district court abused its discretion because plea withdrawal was fair and just "in light of the district court's refusal to allow [him] to hire replacement counsel prior to trial." We are not persuaded.

An indigent defendant does not have the unbridled right to choose his own counsel. *State v. Fagerstrom*, 286 Minn. 295, 299, 176 N.W.2d 261, 264 (1970). Whether to grant a continuance to permit substitution of counsel is within the discretion of the district court, and is properly denied when "the defendant has not been diligent in procuring counsel or in preparing for trial." *State v. Courtney*, 696 N.W.2d 73, 82 (Minn. 2005). Robinson waited until the morning of trial to request a new attorney and had not retained a substitute. At that point in time, Robinson had been represented by his court-appointed attorney for over a year, and had already received one requested trial continuance. And as the district court observed, the fact Robinson and his attorney might not see eye-to-eye—Robinson's sole reason for requesting new representation—likely

4

reflects counsel's possession of additional insight into the law. At sentencing, the district court further addressed Robinson's request, stating that Robinson's attorney was diligent in securing a continuance to verify that the lab results confirmed the identity and quantity of drugs seized and that the claimed disagreements primarily related to his attorney's assessment of the strength of his case.

On this record, we discern no abuse of discretion by the district court in concluding that Robinson did not establish an adequate case for plea withdrawal. *See Fagerstrom*, 286 Minn. at 300, 176 N.W.2d at 265 (affirming denial of a request for a continuance to retain new counsel where defendant had been represented by court-appointed counsel for nearly a year, counsel had made motions on defendant's behalf, and the request came on the first day of trial). And because the district court determined that Robinson did not establish a fair and just reason to permit him to withdraw his plea, there was no need for the court to consider the potential prejudice to the state. *Cubas*, 838 N.W.2d at 224. In sum, we conclude that the district court did not abuse its discretion by denying Robinson's motion to withdraw his guilty plea.

## II. Robinson is not entitled to a downward durational departure.

"[A] sentencing court has no discretion to depart from the sentencing guidelines unless aggravating or mitigating factors are present." *State v. Spain*, 590 N.W.2d 85, 88 (Minn. 1999). The appropriateness of a durational departure turns on the nature of the offense, not the circumstances of the offender. *State v. Behl*, 573 N.W.2d 711, 713 (Minn. App. 1998), *review denied* (Minn. Mar. 19, 1998). A district court may grant a downward durational departure if the defendant's conduct is significantly "less serious

5

than that typically involved in the commission of the crime in question." *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984).

Robinson argues that the district court abused its discretion by not sentencing him to a downward departure. The plea agreement called for a sentence of 90 months—a downward durational departure. Robinson asserts that this agreement demonstrates that "by the time of the plea hearing, the parties and the district court had an understanding that there were offense-based factors that . . . would support the required finding that [his] conduct was significantly less serious than the typical conduct for first-degree controlled substance sale." Robinson argues that his failure to appear for sentencing should not disturb the agreed-to downward durational departure because it did not implicate an offense-based factor. This argument is unavailing.

The record contains no evidence of offense-based factors that would justify a downward durational departure. Robinson did not advance any offense-based departure factors at either the guilty-plea hearing or sentencing. At sentencing, the district court explicitly stated that "[n]o substantial or compelling reasons to depart from the Guidelines are present." Although the plea agreement contemplated a downward departure, such an agreement, standing alone, cannot justify a downward departure. *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2002). In the absence of evidence of mitigating offense-based sentencing factors, Robinson is not entitled to a downward durational departure.

**III.    The district court abused its discretion by sentencing Robinson based on an incorrect criminal-history score.**

A sentence based on an incorrect criminal-history score is subject to appellate review even if the defendant did not raise the issue in the district court. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007). We review the district court's determination of a defendant's criminal-history score for an abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).

The parties agree that the district court used an incorrect criminal-history score when sentencing Robinson. The district court used a criminal-history score of five, resulting in a presumptive sentencing range of 125-175 months. Minn. Sent. Guidelines IV (2008). But that calculation included two points for a 1995 conviction that was vacated. Robinson's correct criminal-history score is three, which results in a presumptive sentencing range of 104-146 months. *Id.*

The state argues that Robinson is not entitled to resentencing because his 146-month sentence falls within the presumptive range for his correct criminal-history score. We disagree. While it is true that we do not generally review sentences that are within the presumptive sentencing range, *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010), "a sentence based on an incorrect criminal history score is an illegal sentence," *Maurstad*, 733 N.W.2d at 147. The *Maurstad* court explained that to effectuate the legislature's intent to achieve uniformity in sentencing, "sentences must be based on correct criminal history scores, as these scores are the mechanism district courts use to ensure that defendants with similar criminal histories

receive approximately equal sanctions for the same offense." *Id.* The fact that the sentence Robinson received falls within the authorized sentencing range does not change the fact that the sentence was illegal in the first instance. He must be sentenced based on the correct criminal-history score. Accordingly, we reverse and remand to the district court for resentencing using a criminal-history score of three.

**Affirmed in part, reversed in part, and remanded.**