*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1372**

State of Minnesota,
Respondent,

vs.

Robert Lee Crum,
Appellant.

**Filed August 22, 2016
Affirmed
Reilly, Judge**

Olmsted County District Court
File No. 55-CR-14-3840

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Senior Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Toussaint, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**REILLY**, Judge

Appellant argues that he is entitled to a new trial because the district court erred by refusing to grant his request for a brief continuance to hire private counsel. Because the district court did not abuse its discretion when it denied appellant's request for a continuance on the first day of trial, we affirm.

**FACTS**

Appellant Robert Lee Crum sold cocaine four times to a confidential informant working with the Rochester Police Department during May and June 2014. Officers then executed a search warrant at appellant's residence and found 17 baggies containing a white powdery substance that was later determined to be cocaine. Based on these events the state charged appellant with controlled-substance crimes. The district court appointed a public defender to represent appellant and counsel appeared with him at all of his pretrial hearings.

On the day trial was scheduled to begin, before the start of jury selection, appellant moved for a continuance to hire private counsel. Appellant could not identify who he wanted to hire, but informed the court his fiancée was attempting to retain private counsel on his behalf. Appellant was present with his public defender at multiple hearings, but told the court he had "never been able to get in contact with anybody from the Public Defender's Office." Appellant also stated he informed his public defender he "didn't like the way things were going." The public defender asked for a one day continuance on behalf of appellant so appellant could retain private counsel. The district court denied the request,

reasoning it "appear[ed] to be a last minute effort to obtain a continuance for . . . really no reason other than to just simply have the matter continued."

The case proceeded to trial, and appellant was found guilty as charged and sentenced to prison for his first-degree sale conviction. This appeal follows.

## D E C I S I O N

Appellant argues the district court erred by denying his request for a brief continuance to hire private counsel. A criminal defendant has the right to have the assistance of counsel, which includes "a fair opportunity to secure counsel of his own choice." *State v. Fagerstrom*, 286 Minn. 295, 298, 176 N.W.2d 261, 264 (1970). However, the right to counsel of one's choosing is not "unbridled." *Id.* at 299, 176 N.W.2d at 264. "A defendant may not obtain a continuance by discharging his counsel for purposes of delay or by arbitrarily choosing to substitute counsel at the time of trial." *Id.* A request for substitution of counsel will be "granted only if exceptional circumstances exist and the demand is timely and reasonably made." *State v. Vance*, 254 N.W.2d 353, 358 (Minn. 1977). The district court has discretion to grant or deny a request for a continuance, and the decision should be based on the "facts and circumstances surrounding the request." *Id.* "[A] conviction will not be reversed for denial of a motion for a continuance except when such denial is a clear abuse of discretion." *State v. Rainer*, 411 N.W.2d 490, 495 (Minn. 1987).

Appellant requested a continuance to hire private counsel on the day of trial. Minnesota appellate courts have repeatedly rejected claims that a district court abused its discretion when it denied a motion for continuance shortly before trial. *See, e.g.*, *State v.*

3

*Worthy*, 583 N.W.2d 270, 278 (Minn. 1998) (finding no abuse of discretion where district court denied a motion for a continuance a few days before trial and defendant did not have good cause to dismiss court-appointed attorney); *Vance*, 254 N.W.2d at 358-59 (finding no abuse of discretion where district court denied a motion for a continuance a few days before trial where the "defendant was provided with a competent and able public defender who had thoroughly investigated the facts and was prepared for trial"); *State v. Ahearn*, 292 Minn. 449, 450, 194 N.W.2d 256, 256 (1972) (finding no abuse of discretion where district court denied a motion for a continuance the day before trial when there was "no substantial basis" for "dissatisfaction" or "distrust" with the defendants' appointed counsel); *State v. Huber*, 275 Minn. 475, 478-79, 148 N.W.2d 137, 140-41 (1967) (finding no abuse of discretion where district court denied a motion for a continuance the day before trial when there was no indication he was denied the opportunity to find private counsel in the time leading up to trial).

The facts of the instant case are similar to those of *Worthy*, *Vance*, *Fagerstrom*, *Ahearn*, and *Huber*. Appellant requested a continuance to hire private counsel shortly before trial, and there is no record that appellant's court-appointed counsel was deficient or that appellant was dissatisfied with his representation prior to that morning. The sole reason appellant gave for his decision to seek new representation was he "didn't like the way things were going."

In his brief, appellant cites to cases that discuss a defendant's right to employ counsel of his or her choosing, *United States v. Mendoza-Salgado*, 964 F.2d 993, 1014-15 (10th Cir. 1992); *United States v. Lewis*, 759 F.2d 1316, 1326 (8th Cir. 1985); and the

4

importance of the relationship between a defendant and his or her attorney, *United States v. Cronic*, 466 U.S. 648, 653, 104 S. Ct. 2039, 2044 (1984); *Morris v. Slappy*, 461 U.S. 1, 20-21, 103 S. Ct. 1610, 1621 (1983). Absent in those cases is a determination that a district court abused its discretion when it denied a request for a continuance. To the contrary, in *Mendoza-Salgado* the court determined the trial court's denial of the defendant's motion for a continuance was not reversible error because it did not "unreasonably or arbitrarily interfere[]" with the defendant's right to counsel. 964 F.2d at 1016-17.

The sole case relied upon by appellant where a conviction was reversed based on the violation of a defendant's right to counsel of choice is factually distinct from the instant case. In *Gonzalez-Lopez*, the defendant retained private counsel from a different state shortly after arraignment and the magistrate judge denied the attorney's motion for admission pro hac vice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 143, 126 S. Ct. 2557, 2560-61 (2006). The trial court only allowed the defendant to speak with his counsel of choice once during the trial. *Id*. The facts of *Gonzalez-Lopez* are dissimilar from the instant case because Gonzalez-Lopez had actually retained private counsel significantly in advance of trial. Here, appellant had not retained counsel and sought to do so on the day trial was scheduled to begin. Appellant's request for a continuance was not timely, and a review of the facts and circumstances surrounding the request does not reveal the presence of "exceptional circumstances" such that the district court abused its discretion. *Vance*, 254 N.W.2d at 358. Thus, the district court did not abuse its discretion when it denied appellant's request for a continuance.

**Affirmed.**

5