STATE of Minnesota, Respondent,

v.

Ben GISSENDANNER, Appellant.

No. C9–82–1488.

Supreme Court of Minnesota.

Feb. 17, 1984.

C. Paul Jones, State Public Defender by Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty. by Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

SCOTT, Justice.

Defendant was found guilty of criminal sexual conduct in the first degree, criminal sexual conduct in the second degree, and burglary with assault. The trial court sentenced defendant to a term of 130 months for criminal sexual conduct in the first degree and a consecutive term of 24 months for the burglary. The court obtained the 130-month term by doubling the presumptive sentence for criminal sexual conduct in the first degree (VIII) when committed by a person with defendant's criminal history score (two). He obtained the 24-month figure by computing the presumptive sentence for burglary with assault (VII) using the zero criminal history column. On this appeal from judgment of conviction defendant argues that the trial court erred in refusing to let him represent himself, erred in denying his motion to bar impeachment use of defendant's prior conviction if he testified, and erred in refusing to submit criminal sexual conduct in the third degree as a lesser included offense. Defendant claims further that there were no grounds justifying a durational departure and one with respect to consecutive service and that the use of both a double durational departure and a departure with respect to consecutive service was erroneous. Defendant also contends that he was adjudicated guilty of both criminal sexual conduct in the first degree and criminal sexual conduct in the second degree and that the record should be corrected by vacating the lesser of these convictions. We affirm defendant's convictions of criminal sexual conduct in the first degree and bur-

glary with assault, but modify his sentence to concurrent sentences of 140 months (two times the maximum presumptive sentence for the sex offense) and 44 months (the maximum presumptive sentence for the burglary offense).

It would serve no useful purpose to summarize in great detail the evidence against defendant. It is sufficient to state that the evidence established overwhelmingly that defendant forced his way into the apartment of a young college student whom he had been harassing and, over an 8-hour period, by use of force and threats of imminent death, twice sexually penetrated her.

■ 1. Defendant's first contention is that the trial court erred in refusing to let him represent himself. In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held that an accused has a limited right under the sixth amendment to represent himself in a criminal case when he voluntarily and intelligently elects to do so. Cases applying *Faretta* are collected at Annot., 98 A.L.R.3d 13 (1980). One such case is *State v. Bauer*, 310 Minn. 103, 122–24, 245 N.W.2d 848, 858–59 (1976), which indicates that a defendant does not have a right to represent himself if he does not have the mental capacity to make an intelligent decision to represent himself. The record on appeal in this case indicates that defendant refused to cooperate completely in a mental examination at St. Peter. A failure to fully cooperate in such an examination may be held against a defendant in determining whether he can make an intelligent decision to represent himself. Doing that here and considering all the information that suggested that defendant was not capable of intelligently deciding to represent himself—including a report to that effect from the doctors who tried to examine him—we conclude that the trial court properly refused to let defendant represent himself.

2. Defendant's contention that the trial court prejudicially erred in denying a motion to bar the state from impeaching him with a prior rape conviction if he testified is controlled by prior decisions of this court, including *State v. Morrison*, 310 N.W.2d 135 (Minn.1981); *State v. Bettin*, 295 N.W.2d 542 (Minn.1980); and *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979).

3. Defendant's contention that the trial court prejudicially erred in refusing to submit criminal sexual conduct in the third degree as a lesser included offense is controlled by our decision in *State v. Patch*, 329 N.W.2d 833 (Minn.1983).

■ 4. Defendant makes two contentions with respect to his sentence: one, that the record does not support any durational departure or departure with respect to consecutive service, and two, that the use of both a double-durational departure and a departure with respect to consecutive service violates the rule of *State v. Evans*, 311 N.W.2d 481 (Minn.1981). Cases supporting the decision to depart in this case include *Davis v. State*, 324 N.W.2d 802 (Minn.1982); *State v. Morales*, 324 N.W.2d 374 (Minn.1982); *State v. Heinkel*, 322 N.W.2d 322 (Minn.1982); *State v. Luna*, 320 N.W.2d 87 (Minn.1982); *State v. Martinez*, 319 N.W.2d 699 (Minn.1982); *State v. Garcia*, 302 N.W.2d 643 (Minn.1981). We agree with defendant that the court's use of both a double-durational departure and a departure with respect to consecutive service violated the general limitation on the scope of departure set forth in the *Evans* case. As we stated recently in *State v. Wellman*, 341 N.W.2d 561, 566 (Minn.1983):

> [A] logical import of [the *Evans* case] is that generally the maximum sentence that a defendant should be given in a case in which departure is justified is two times the presumptive sentence duration and that it would be a violation of that principle to also use the aggravating circumstances in such a case to justify an additional departure, with respect to consecutive service, over and above the double departure as to duration.

We therefore modify defendant's sentence to 140 months for the sex offense (two times the maximum presumptive sentence duration that could be imposed without de-

parting) and change the sentence for the burglary from a consecutive sentence of 24 months to a concurrent sentence of 44 months (the maximum sentence duration that could be imposed without departing).

5. Defendant also contends that he was adjudicated guilty of both criminal sexual conduct in the first degree and criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.04 (1982), and that we should vacate the conviction of criminal sexual conduct in the second degree. However, the judgment papers in the file on appeal indicate that defendant stands formally adjudicated guilty only of criminal sexual conduct in the first degree and burglary with assault. Accordingly, no action on our part appears needed.

Affirmed as modified.