**STATE of Minnesota, Respondent,**

v.

**Joseph THORNBLAD, Appellant.**

No. C6–93–1265.

Court of Appeals of Minnesota.

March 15, 1994.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. Ramsey County Atty., St. Paul, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

PETERSON, Judge.

On appeal from his conviction for terroristic threats, appellant Joseph Thornblad argues the trial court erred in finding him incompetent to represent himself when he had been found competent to stand trial. We agree Thornblad's constitutional right to self-representation was violated and reverse and remand for a new trial.

## FACTS

Appellant Joseph Thornblad contacted the director of an advocacy group for the mentally ill seeking assistance in stopping the forced medication of patients in state psychiatric hospitals and in establishing law li-

braries in those hospitals. When Thornblad began to believe that the director was not doing enough to help him achieve his goals, his many telephone conversations with her and his letters to her became less lucid and more threatening. As a result, Thornblad was charged with one count of terroristic threats. He underwent two competency evaluations. Both found him competent to stand trial.

Thornblad asked to waive his right to counsel and to proceed pro se. At the hearing on Thornblad's motion, the district court questioned him about his education and legal training. Thornblad said that he quit high school during the tenth grade but that he had some experience with the criminal justice system and law libraries. The court next asked if Thornblad knew with what crime he was charged. Thornblad answered correctly. The court then asked Thornblad's attorney about Thornblad's competency. The attorney said that he did not think Thornblad was competent to stand trial. At that point, Thornblad interrupted, told his attorney to sit down, and said that a competency examination had found him competent to represent himself.

The court then said:

Mr. Thornblad, I'll cut the proceedings short. If you were competent, in my opinion, you probably would be serving about 180 days in the county jail right now for contempt of court. I find, as a matter of law, that you're not competent to represent yourself.

The court reappointed Thornblad's attorney to represent him. Thornblad's attorney objected on the record to the denial of Thornblad's motion to represent himself.

At trial, Thornblad admitted that he wrote and mailed the letters to the director but explained that he only meant that the director was in danger of losing her job unless she started helping him, a client of her organization, to achieve his goals at the legislature. The jury found Thornblad guilty.

1. Although *Godinez* was decided after the denial of Thornblad's request to represent himself, it applies to the present case because Thornblad's appeal was pending when *Godinez* was released.

## ISSUE

Did the district court err in finding Thornblad incompetent to represent himself when he had been found competent to stand trial?

## ANALYSIS

■ A defendant has a federal constitutional right to represent himself in a state criminal proceeding. *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *State v. Richards*, 456 N.W.2d 260, 263 (Minn.1990). A defendant who intelligently and knowingly waives his right to the assistance of counsel must be allowed to represent himself despite his lack of the legal ability to conduct a good defense, his argumentative tendencies, and his pursuit of annoying irrelevancies. *Richards* 456 N.W.2d at 264–66. The right to self-representation is so fundamental that its deprivation is not subject to a harmless error analysis. *Flanagan v. United States*, 465 U.S. 259, 268, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288 (1984); *Richards*, 456 N.W.2d at 263.

In *State v. Bauer*, 310 Minn. 103, 122, 245 N.W.2d 848, 859 (1976), the Minnesota Supreme Court held that a defendant could be competent to stand trial but incompetent to exercise the federal constitutional right of self-representation because the decision to represent oneself requires a higher level of competency than that needed to stand trial. *See also State v. Gissendanner*, 343 N.W.2d 668, 669 (Minn.1984) (defendant has no right to represent himself if he lacks mental capacity to make intelligent decision to do so).

But the United States Supreme Court recently rejected the argument that competency to waive the right to counsel must be measured by a standard that is higher than, or even different from, the standard for determining competency to stand trial. *Godinez v. Moran*, —— U.S. ——, ——, 113 S.Ct. 2680, 2686, 125 L.Ed.2d 321 (1993).[1] The Court held that the competency standard for pleading guilty or waiving the right to coun-

*See* Laurence H. Tribe, American Constitutional Law § 3–3 at 29–31 (2d ed. 1988) (discussing retroactivity of Supreme Court decisions).

sel is not higher than the competency standard for standing trial. *See id.* at ——, 113 S.Ct. at 2687 (defendant who is competent to stand trial is competent to waive right to counsel).

■ A state may not impose greater restrictions on the exercise of a federal constitutional right than the federal Constitution allows.[2] *See Mills v. Rogers,* 457 U.S. 291, 300, 102 S.Ct. 2442, 2448–49, 73 L.Ed.2d 16 (1982) (federal Constitution defines minimum substantive rights); *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570 (1975) (state may not impose greater restrictions as a matter of federal constitutional law when Supreme Court has refrained from imposing those restrictions). Accordingly, we conclude that *Godinez* overrules those provisions in *Bauer* and *Gissendanner* that require a defendant to meet a more rigorous competency standard to represent himself than to stand trial.

■ In the present case, Thornblad was found competent to stand trial. Under *Godinez,* a defendant who is found competent to stand trial cannot be denied his right to self-representation on incompetency grounds. Thus, the denial of Thornblad's request to represent himself on incompetency grounds violated his constitutional right to self-representation. As the harmless error analysis does not apply to a violation of the right to represent oneself, we must reverse Thornblad's conviction and remand the case for a new trial.

Although the district court specifically stated that Thornblad was not competent to represent himself, the state argues that the district court did not deny Thornblad's motion to represent himself on competency grounds but instead found that Thornblad did not intelligently and knowingly waive his right to counsel.

■ To determine if a waiver of the right to counsel is intelligent, the court must exam-

ine the defendant's background, experience and conduct. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Richards,* 456 N.W.2d at 264. The focus of the knowing and intelligent waiver inquiry is to determine whether the defendant actually understands the significance and consequences of his decision. *Godinez,* —— U.S. at —— n. 12, 113 S.Ct. at 2687 n. 12.

■ Here, the district court asked Thornblad just three questions. The questions about Thornblad's education, legal training, and knowledge of the charge against him were part of a proper waiver inquiry. But these three brief questions were not sufficient to show that Thornblad did not know what he was doing or understand the consequences of his decision.

The limited record available in this case shows that although Thornblad had little formal education, he had experience with the criminal justice system and using law libraries. *See Richards,* 456 N.W.2d at 265 (waiver of counsel intelligently made when defendant had general understanding of court protocol and rights). The fact that Thornblad did not have the skills of an experienced attorney is irrelevant to determining whether his waiver was knowing and intelligent. *See id.* at 264 (it is irrelevant whether defendant seeking to proceed pro se possesses skills and knowledge of a lawyer). Finally, it may be presumed that Thornblad's attorney had advised him so that he could make an informed decision about representing himself. *See id.* (presuming attorney who represented defendant at waiver proceeding advised defendant so that he could make informed decision).

Even if we adopted the state's position that the district court found that Thornblad's waiver of counsel was not knowing and intelligent and simply misspoke when it stated that Thornblad was incompetent, we still

---

2. A state is free to interpret state law to provide greater protection for substantive rights than the Constitution requires. *PruneYard Shopping Ctr. v. Robins,* 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741 (1980). Thus, states are free to adopt more elaborate competency standards than that required by the Due Process Clause. *Godi-*

*nez,* —— U.S. at ——, 113 S.Ct. at 2688. But unless the same standard applied to both the competency to stand trial and to represent oneself, a state probably could not create a competency test that did not place a greater restriction on the right to self-representation then the Constitution allows.

would be compelled to reverse Thornblad's conviction because the district court's brief waiver inquiry was not sufficient to support a conclusion that Thornblad's waiver was not knowingly and intelligently made. Consequently, we conclude that the district court improperly denied Thornblad's right to represent himself.

Thornblad submitted a pro se brief in which he reiterated many of the arguments made by his appellate counsel and argued that his trial counsel was ineffective. We have addressed above the arguments made by Thornblad's appellate counsel. Because of our disposition of the case, we do not reach the ineffective assistance claim.

## DECISION

As Thornblad was competent to stand trial, he was competent to decide to represent himself. The district court's inquiry was not sufficient to determine that Thornblad's waiver of the right to the assistance of counsel was not knowing and intelligent. Since Thornblad was competent to decide to represent himself and the record does not show that his waiver of the right to counsel was not knowing and intelligent, the denial of his request to proceed pro se violated his constitutional right of self-representation. Because the harmless error analysis does not apply to a violation of the right to self-representation, Thornblad's conviction must be reversed and the case remanded for a new trial.

**Reversed and remanded.**