**STATE of Minnesota, Respondent,**

v.

**Michael Wayne BRODIE, Appellant.**

**No. C3–94–1167.**

Supreme Court of Minnesota.

May 31, 1995.

Brodie, a new trial on a charge of aggravated DWI be, and the same is, granted for the limited purpose of reinstating defendant's conviction. The court of appeals based the award of a new trial primarily on (1) the trial court's refusal to give all, as opposed to part, of a requested defense instruction on the defense of necessity and (2) the trial court's failure to question defendant more on the record as to whether his waiver of counsel was knowing and intelligent. We conclude that the court of appeals erred on both grounds. (1) We need not speak to the defense of necessity in any detail. Suffice it to say, in this case the defense did not meet its burden of raising the defense of necessity and therefore defendant was not even entitled to have the jury instructed on the defense. Defendant *claimed* necessity but our review of the record convinces us that he did not make a sufficient prima facie showing of justification by necessity. (2) This is not a case in which the record is silent on whether defendant knowingly and voluntarily waived his right to counsel. Defendant was in fact given counsel and he then "fired" counsel. The record is clear that defendant knew that he did not have a right to a different public defender but would have to represent himself if he did not accept the services of the public defender. The trial court apparently asked the original public defender to act as standby counsel and, in fact, that attorney not only helped defendant at trial but, with the defendant's permission, gave the closing argument. Reversed and judgment of conviction reinstated.

BY THE COURT:

/s/ Alexander M. Keith
    Chief Justice

*ORDER*

Based upon all the files, records and proceedings herein,

■ IT IS HEREBY ORDERED that the petition of the State of Minnesota for further review of the decision of the court of appeals awarding defendant, Michael Wayne