**In re the Matter of the Petition of FAIR-VIEW–UNIVERSITY MEDICAL CENTER & North Memorial Health Care To Quash Subpoena of Administrative Law Judge**

and

**In re the Motion of Methodist Hospital To Quash Subpoena of Administrative Law Judge**

and

**In re Petition of the Complaint Review Committee, Minnesota Board of Medical Practices, for Order Enforcing Subpoenas and Other Relief**

and

**In re the Matter of the Petition of the Minnesota Board of Medical Practice to Enforce Subpoena Regarding Dr. L.**

Nos. C3–98–1646, C5–98–1647.

Court of Appeals of Minnesota.

March 16, 1999.

Michael A. Hatch, Attorney General, Mary Ann Bernard, Assistant Attorney General, St. Paul, for appellant Minnesota Board of Medical Practice Complaint Review Committee.

David P. Bunde, Lora Esch Mitchell, Fredrikson & Byron, P.A., Minneapolis, for respondents Fairview–University Medical Center and North Memorial Health Care.

Margo S. Struthers, Kari L. Wraspir, Oppenheimer Wolff & Donnelly, LLP, Minneapolis, for respondent Methodist Hospital.

Rebecca Egge Moos, Charles E. Lundberg, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondents Healthpartners and Unity Hospital.

Kay Nord Hunt, Mary I. King, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for amici curiae Minnesota Medical Association, Minnesota Hospital and Health and Healthcare Partnerhsip, and American Medical Association/State Medical Society Litigation Center.

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and WILLIS, Judge.

## OPINION

SCHUMACHER, Judge.

The Complaint Review Committee, Minnesota Board of Medical Practices challenges the district court's determination that the statutory peer review privilege, Minn.Stat. § 145.64, protects all documents contained in peer review files from subpoena. We affirm.

## FACTS

The Complaint Review Committee (the Committee) is the investigative arm of the Minnesota Board of Medical Practices (the Board), which regulates the use of licenses to practice medicine pursuant to Minn.Stat. §§ 147.001–.22 (1998). In April 1997, in the course of a contested case proceeding before an administrative law judge, the Committee served subpoenas on respondents Fairview–University Medical Center, North Memorial Health Care, Methodist Hospital, Healthpartners, and Unity Hospital (Health Care Providers), requesting production of any records of employment, privileges, and claims or settlements concerning a Dr. S. Health Care Providers moved to quash the Dr. S subpoenas, contending that compliance with the subpoenas would require production of credentialing documents privileged under Minn. Stat. § 145.64.

In January 1998, in an unrelated matter, Unity Hospital moved the district court to quash a Committee subpoena for credentialing records concerning a Dr. L. In separate orders dated July 28, 1998, the district court granted Health Care Providers' motions to quash both subpoenas, ruling that documents contained in credentialing and peer review files are not subject to subpoena, pursuant to Minn.Stat. § 145.64.[1]

In the case of Dr. S, the district court ordered the ALJ to provide all credentialing and peer review documents that the ALJ had received from Health Care Providers to the district court to hold in camera. In addition, the court ordered Healthpartners to submit in camera all credentialing and peer review file documents that are otherwise available from original sources. The court explained

---

1. In the case of Dr. L., the district court did not quash the subpoena with regard to Dr. L.'s "privilege form," a document routinely available to hospital personnel outside of peer review.

that it had no intention of reading the submitted documents, but would nonetheless allow the documents to remain in the record until the appellate courts determine how to proceed. The district court also declined to strike affidavits and administrative record documents that the Committee had submitted ex parte to the court.

After the Board appealed both orders, this court consolidated the Dr. S and Dr. L matters. Health Care Providers subsequently moved to strike portions of the Committee's briefs and appendices on the grounds that they were not properly a part of the record on appeal.

## ISSUES

1. Does the statutory peer review privilege apply to subpoenas issued by the Board in the course of an administrative proceeding?

2. Does the statutory peer review privilege protect all documents contained in review organization files, including those obtained from other sources?

## ANALYSIS

Questions of statutory construction are questions of law, subject to de novo review. *Vue v. State Farm Ins. Cos.*, 582 N.W.2d 264, 265 (Minn.1998). The court's role is to discover and effectuate the legislature's intent. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996) (citation omitted). "If the legislature's intent is clearly manifested by [the] plain and unambiguous language of the statute, statutory construction is neither necessary nor permitted." *Id.* (quotation omitted).

1. The Committee argues that the statutory peer review privilege does not apply to subpoenas issued in an administrative action by a board of medical professionals. The confidentiality provision of the peer review statute states in pertinent part:

> All data and information acquired by a review organization, in the exercise of its duties and functions, or by an individual or other entity acting at the direction of a review organization, shall be held in confidence, *shall not be disclosed to anyone*

> *except to the extent necessary to carry out one or more of the purposes of the review organization, and shall not be subject to subpoena or discovery. * * * The proceedings and records of a review organization shall not be subject to discovery or introduction into evidence in any civil action against a professional arising out of the matter or matters which are the subject of consideration by the review organization.*

Minn.Stat. § 145.64, subd. 1 (1998) (emphasis added). The definition of "review organization" includes committees established by health care organizations for the purpose of reviewing a professional's staff privileges. Minn.Stat. § 145.61, subd. 5(h) (1998).

The peer review statute serves "the strong public interest in improving the quality of health care." *In re Parkway Manor Healthcare Ctr.*, 448 N.W.2d 116, 118–19 (Minn.App.1989) (citing *Kalish v. Mount Sinai Hosp.*, 270 N.W.2d 783, 785 (Minn.1978)), *review denied* (Minn. Jan. 18, 1990). The purpose of the privilege is "to assure that the discussions necessary to improve patient care are carried on, despite threats of malpractice and defamation actions." *Parkway Manor*, 448 N.W.2d at 120.

> Courts should not interpret a statute to create a privilege going beyond the statute's purpose, when an equally plausible construction will create a privilege which, although narrower, serves the statute's purpose.

*Id.* at 118 (citing *Larson v. Montpetit*, 275 Minn. 394, 402, 147 N.W.2d 580, 586 (1966)).

The Committee contends that the peer review privilege applies only to discovery in a "civil action" and not to discovery in an administrative action before a professional board. We need not decide whether a contested case hearing before an administrative law judge is a "civil action" within the meaning of the statute. The first sentence of the confidentiality provision states that all data and information acquired by a review organization "shall not be subject to subpoena or discovery." Minn. Stat § 145.64, subd. 1. This language is broader than the subsequent prohibition against discovery in a civil

action. Construing the privilege to apply only to subpoenas in civil actions is less plausible than reading the privilege to plainly apply to all subpoenas.

■ The Committee argues that disclosure of documents to the Board falls within an "exception" in the first sentence of the confidentiality provision, namely that data and information "shall not be disclosed to anyone *except* to the extent necessary to carry out one or more of the purposes of the review organization." Minn.Stat. § 145.64, subd. 1 (emphasis added). The Committee points out that one of the enumerated statutory purposes of a review organization is to review "controversies, disputes or questions" between "professional licensing boards and health providers licensed by them." Minn. Stat. § 145.61, subd. 5(i)(2) (1998). The Committee reasons that disclosure necessary to carry out this particular purpose can only mean disclosure to the Board. The Committee has also argued that the Committee itself is a "review organization" within the meaning of Minn.Stat. § 145.61, subd. 5, and for this reason disclosure is necessary for review organization purposes.

The "exception" clause relied on by the Committee contemplates disclosure by a review organization when the review organization itself determines that such disclosure is necessary for its own purposes. Without the clause, health care providers that choose to disclose data and information acquired by a review organization would run afoul of the penalty provision of the peer review statute which makes "[a]ny disclosure other than that authorized by section 145.64" a misdemeanor. Minn.Stat. § 145.66 (1998). The Committee's argument that disclosure to the Board is necessary for review organization purposes ignores the discretionary dimension to the section 145.64 "exception" clause.

■ The Committee urges this court to consider that, after passing the peer review statute, the legislature broadened the Board's subpoena power under Minn.Stat. § 147.111 (1998). Section 147.111 details reporting obligations, including those of health care providers to report to the Board any action taken to "revoke, suspend, restrict, or condition" a physician's privilege, any denial of privileges, or any other disciplinary action. Minn.Stat. § 147.111, subd. 2 (1998). The subpoena power provision authorizes the Board to issue subpoenas for production of required reports and related documents. Minn.Stat. § 147.111, subd. 9 (1998). Nothing in section 147.111 authorizes the Board to subpoena documents privileged under section 145.64.

■ 2. The Committee contends that the peer review privilege only covers documents generated by a review organization and not documents acquired by a review organization. Such a construction is based on the following sentence in the peer review confidentiality provision:

> Information, documents or records otherwise available from original sources shall not be immune from discovery or use in any civil action merely because they were presented during proceedings of a review organization * * *.

Minn.Stat. § 145.64, subd. 1. The peer review confidentiality provision covers "all data and information acquired by a review organization." As the district court noted, the "otherwise available" sentence simply points out that documents available from other sources remain discoverable from the other sources.

■ The Committee complains that they have no way to know of "original sources." Furthermore, the Committee suggests that some health care providers use their review organizations to acquire the originals of "original source" documents, making them undiscoverable at the original source. Even if health care providers are purposefully amassing original documents in review organization files, that does not make the documents any less privileged. The legislature is free to perpetrate injustice so long as it does not violate the constitution; .if a statute is clear the remedy is amendment not construction. *State ex rel. Coduti v. Hauser,* 219 Minn. 297, 303, 17 N.W.2d 504, 507–08 (1945) (quoting *State ex rel. Timo v. Juvenile Court,* 188 Minn. 125, 128, 129, 246 N.W. 544, 546 (1933)). Accordingly, if a remedy is called for, it is legislative rather than judicial.

3. We consider whether to grant Health Care Providers' motions to strike references to non-record documents. Matters outside the record may not be considered by an appellate court and must be stricken. *Mitterhauser v. Mitterhauser,* 399 N.W.2d 664, 667 (Minn.App.1987). The record on appeal consists of the "papers filed in the trial court, the exhibits, and the transcript." Minn. R. Civ.App. P. 110.01. In this case, the Committee has appended non-record documents to its briefs. For example, all of the documents appended to .the Committee's reply brief are dated subsequent to the district court's July 28, 1998, order and therefore cannot be part of the record on appeal.

There are, however, other documents that Health Care Providers object to that were apparently among the administrative records that the Committee provided ex parte to the district court prior to July 28, 1998. The district court specifically declined to strike these documents, leaving them in the record for appellate review. We grant Health Care Providers' motion to strike all portions of the Committee's briefs and appendices that disclose non-record documents.

## DECISION

The confidentiality provision of the peer review statute applies to subpoenas issued by the Board. The confidentiality provision encompasses all documents contained in review organization files, including documents a review organization obtains from other sources.

**Affirmed; motions granted.**