In the Matter of the WELFARE
OF G.L.H., G.E.H., Jr.

No. C8–99–1345.

Court of Appeals of Minnesota.

Dec. 28, 1999.

Review Granted Feb. 24, 2000.

Lochlan T. Stuart, St. Paul, MN (for appellant mother).

Susan Gaertner, Ramsey County Attorney, Mark Perron, Assistant County Attorney, St. Paul, MN (for respondent Ramsey County).

Karen Garvin, St. Paul, MN (for guardian ad litem).

Considered and decided by CRIPPEN, Presiding Judge, SCHUMACHER, Judge, and DAVIES, Judge.

## OPINION

DAVIES, Judge.

Appellant Tahsha Patrice Jackson challenges the district court's termination of her parental rights, alleging that the district court abused its discretion by denying her the right to counsel. Both parties also claim the other's briefs and appendices contain information that must be stricken because it is not part of the district court record. We reverse, grant appellant's motion to strike, and deny respondent Ramsey County's motion to strike.

## FACTS

Appellant is the biological mother of G.L.H., born on May 21, 1988, and G.E.H, Jr., born on April 3, 1990. Appellant's contact with social services began in May 1997. She was represented by a Ramsey County public defender from the initial children-in-need-of-protection-or-services (CHIPS) petition hearing in July 1997 through all CHIPS and termination-of-parental-rights (TPR) proceedings until the TPR trial in February 1999. She then announced she wanted to fire her public defender.

The court asked appellant if she preferred to represent herself. Appellant asked the court if another public defender, who was representing the father, could represent her; the court indicated that it would be a conflict of interest for that public defender to represent appellant as well.

Appellant next asked the court if it would be possible for a *state* public defender (one representing her in a criminal matter) to also represent her in this TPR action. The court called the state public defender, but she told the court that public-defender-office rules precluded her from representing appellant in the TPR proceedings.

The court then informed appellant that either her long-time public defender would continue to represent her or she would be forced to represent herself. The district court twice asked whether appellant wanted to fire her attorney. Appellant twice answered the question in the affirmative. The district court asked appellant whether she wanted to retain her public defender as standby counsel, but did not explain the purpose of standby counsel. Without any further inquiry into appellant's waiver, the court allowed appellant to represent herself without standby counsel.

On February 25, 1999, the district court terminated appellant's parental rights.

## ISSUES

I. Did the district court abuse its discretion in failing to establish on the record that appellant's waiver of her right to counsel was knowing and intelligent?

II. Does either appellant's or respondent's brief, or appendix, contain information that must be stricken as not being part of the district court record?

## ANALYSIS

The issue in this case concerns a parent's right to counsel in a TPR proceeding. Parents have a substantial and fundamental right to the custody and companionship of their children, and those rights should not be taken away except for grave and weighty reasons. *In re Welfare of H.G.B*, 306 N.W.2d 821, 825 (Minn. 1981). A parent's desire and right to

> the companionship, care, custody, and management of his or her children is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection.

*Lassiter v. Department of Soc. Serv. of Durham County*, 452 U.S. 18, 27, 101 S.Ct.

2153, 2159–60, 68 L.Ed.2d 640 (1981) (quotation omitted).

The United States Supreme Court has stated that the decision whether appointment of counsel is required in TPR proceedings is to be determined by each state. *Lassiter,* 452 U.S. at 32, 101 S.Ct. at 2162. By statute, Minnesota has determined that a parent confronting a TPR proceeding has a "right to counsel." Minn.Stat. § 260.155, subd. 2 (1998). If a parent cannot afford counsel, then one will be appointed at public expense. *Id.* A parent can choose to waive this statutory right to counsel if the waiver is voluntary, intelligent, and on the record. Minn. R. Juv. P. 50.01.

■ Because this statutory right to counsel is analogous to a criminal defendant's constitutional right to counsel, we turn to criminal procedural rules and case-law for guidance in determining what constitutes a "voluntary and intelligent waiver." *Compare id.* (parent has right to court-appointed counsel in TPR proceedings), *and* Minn. R. Juv. P. 40.01 (same), *with* Minn. R.Crim. P. 5.02, subd. 1(2) (defendant has right to court-appointed counsel in felony, gross misdemeanor, and misdemeanor proceedings punishable by incarceration).

### I.

Appellant was provided a public defender commencing with the CHIPS proceeding more than a year-and-a-half before the TPR hearing. Her public defender represented her throughout the CHIPS and TPR proceedings, until she fired him on the day of the TPR trial.

■ In criminal cases, a district court's findings that a defendant knowingly and intelligently waived counsel will be reversed only if it is clearly erroneous. *State v. Worthy,* 583 N.W.2d 270, 276 (Minn.1998). In determining whether the waiver is knowing and intelligent, the district courts

> should comprehensively examine the defendant regarding the defendant's comprehension of the charges, the possible punishments, mitigating circumstances, and any other facts relevant to the defendant's understanding of the consequences of the waiver.

*State v. Camacho,* 561 N.W.2d 160, 173 (Minn.1997). The purpose of this inquiry is to determine whether the defendant actually understands the significance and consequences of the decision. *State v. Thornblad,* 513 N.W.2d 260, 263 (Minn. App.1994), *review denied* (Minn. Mar. 14, 1995) (citing *Godinez v. Moran,* 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321, 333 n. 12113 (1993)).

Effective January 1, 1999, the Minnesota Rules of Criminal Procedure have specified the procedures to be followed before a waiver of counsel can be accepted as voluntary and intelligent. *See* Minn. R.Crim. P. 5.02, subd. 1(4).[1] It is appropriate in this case to apply the same standards to determine whether appellant's waiver of counsel can be upheld as knowing and intelligent. We therefore examine appellant's waiver in light of each requirement from the Rules of Criminal Procedure.

### A. Nature of the Charges

■■ The district court shall advise a defendant of the nature of the charges. *Id.* In this case, the record shows the district court did not discuss with appellant the nature of the statutory grounds and the evidentiary burdens. We find this significant because there are several statu-

---

1. *Waiver of Counsel, Felony, Gross Misdemeanor.* * * * Prior to accepting any waiver, the trial court shall advise the defendant of the following: the nature of the charges, the statutory offenses included within the charges, the range of allowable punishments, that there may be defenses, that there may be mitigating circumstances, and all other facts essential to a broad understanding of the consequences of the waiver of the right to counsel, including the advantages and disadvantages of the decision to waive counsel.
Minn. R.Crim. P. 5.02, subd. 1(4).

tory grounds for termination. *See* Minn. Stat. § 260.221, subd. 1 (1998). Also, the state has the burden to prove that the evidence clearly mandates termination based on one of the statutory grounds. *In re Welfare of A.D.*, 535 N.W.2d 643, 647 (Minn.1995). The court must make clear and specific findings that the evidence both conforms to one of the statutory requirements and addresses conditions present at the time of the hearing. *Id.* Because the court failed to advise appellant of the nature of the petition, appellant likely could not evaluate how important it was to have counsel to assist her in defending the action.

## B. Possible Consequences

■ A district court shall advise a defendant of the possible consequences. Minn. R.Crim. P. 5.02, subd. 1(4). The consequence of termination of parental rights is that all of the parent's

> rights, powers, privileges, immunities, duties, and obligations, including any rights to custody, control, visitation, or support existing between the child and parent shall be severed and terminated.

Minn.Stat. § 260.241, subd. 1 (1998). A parent, thus, has a significant interest "in the accuracy and injustice of the decision to terminate his or her parental rights." *Lassiter*, 452 U.S. at 27, 101 S.Ct. at 2160. The district court failed reasonably to inform appellant on the record of the implications of the TPR proceeding, thus, failed to make fully clear to her the possible consequences of waiving counsel.

## C. Advantages and Disadvantages of Counsel

■ The district court shall advise a defendant of all the advantages and disadvantages of self-representation. Minn. R.Crim. P. 5.02, subd. 1(4). A defendant should make the decision to waive counsel with "eyes wide open" after being made aware of the dangers and disadvantages of self-representation. *State v. Worthy*, 583 N.W.2d 270, 276 (Minn.1998) (citation omitted). The district court's only statement to appellant regarding the advantages of counsel was that "an experienced attorney will be better at cross-examining witnesses than you." This one sentence is not enough to have made appellant aware of the dangers and disadvantages of proceeding without an attorney.

## D. Other Essential Facts (Standby Counsel)

■ The district court shall advise a defendant of all other facts essential to a broad understanding of the consequences of waiver of the right to counsel. Minn. R.Crim. P. 5.02, subd. 1(4). Most significantly, in this case, the court did not explain the purpose of standby counsel; the court merely went over with appellant that she would be representing herself if she fired her attorney.

■ Standby counsel provides to a pro se party the opportunity to have counsel present to give advice regarding procedural or protocol matters. *State v. Lande*, 376 N.W.2d 483, 485 (Minn.App.1985), *review denied* (Minn. Jan. 17, 1986). Appellant should have been advised of the meaning, purpose, and availability of standby counsel before the district court allowed her to waive her right to trial counsel— and standby counsel as well. *See id.* (pro se criminal defendant is entitled to appointed counsel even if only used as standby counsel). Thus, appellant could not knowingly and voluntarily waive her right to counsel because she was not informed of her right to and need of standby counsel. *See State v. Krejci*, 458 N.W.2d 407, 409 (Minn.1990) (defendant who rejected public defender and was unable to obtain private counsel ordered to proceed pro se, but with standby counsel).

For the above reasons, the district court's failure to conduct a thorough inquiry into appellant's waiver of counsel was an abuse of discretion requiring reversal.

(Appellant also claims that the district court abused its discretion when it: (1) did

not grant appellant a continuance; (2) did not appoint alternative counsel or standby counsel after she fired her public defender; and (3) failed to appoint counsel after learning that appellant's reading level was below the eighth-grade level. Because of our ruling that there was not a knowing and voluntary waiver of the right to counsel, it is not necessary to decide these other claims.)

## II.

■ Matters outside the record may not be considered by an appellate court. Minn. R. Civ.App. P. 110.01; *In re Fairview–Univ. Med. Ctr.*, 590 N.W.2d 150, 155 (Minn.App.1999). The papers filed in the district court, the exhibits, and the transcript of the proceedings, if any,·constitute the record on appeal. *Id.*

■ Appellant argues that portions of respondent's brief and appendices should be stricken because they contain information that was not before the district court. Respondent admits the material challenged by appellant was not part of the district court file. Appellant's motion to strike is therefore granted. Respondent moves to strike portions of appellant's brief that allegedly refer to a CHIPS file that was not before the district court. Because the CHIPS file was part of the district court file, respondent's motion is denied.

## DECISION

In this TPR proceeding, the district court erred by failing to follow the standards set forth in Minn. R.Crim. P. 5.02, subd. 1(4), to establish that appellant knowingly and voluntarily waived her right to counsel. Appellant's motion to strike is granted and respondent's motion to strike is denied.

**Reversed.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. A refusal, without good cause, to allow appointed counsel to continue representation may by itself be sufficient to constitute a valid waiver of the right to counsel. *State v. Worthy*, 583 N.W.2d 270, 277 (Minn.1998). An intelligent waiver can be implied based on the surrounding circumstances, even in the absence of a full, on-the-record trial court inquiry. *Id.* at 276. The district court did not abuse its discretion by finding a valid wavier where appellant had the benefit of an attorney for a year-and-a-half before firing him on the day of trial because of her general dissatisfaction with him. *See id.* at 276–77 (holding waiver valid because it could reasonably be presumed that benefits and risks of counsel have been described to defendants when defendants had competent legal representation for a month before they fired their public defenders on morning of trial); *State v. Brodie*, 532 N.W.2d 557, 557 (Minn.1995) (holding waiver valid when defendant wanted to "fire" his attorney and was aware that he would have to represent himself).

Appellant requested a continuance after she fired her public defender on the day of trial. She claims the district court abused its discretion when it denied her request for a continuance of the termination proceedings. In criminal proceedings, the granting of a continuance to permit attorney substitution, or for the appointment of alternative counsel, is within the district court's discretion. *State v. Fagerstrom*, 286 Minn. 295, 299, 176 N.W.2d 261, 264 (1970). The district court did not abuse its discretion in denying appellant's motion for a continuance. *See id.* at 300, 176 N.W.2d at 265 (denying defendant's request for continuance where court found that counsel had been appointed almost a year before trial, made appearances with defendant at prior proceedings, and defendant waited until day of trial to request different counsel).

Appellant also argues that counsel should have been appointed when the district court learned that her reading skills were below the eighth-grade level. The legal

standard for competence to waive counsel is the same as the legal standard for competence to stand trial. *Godinez v. Moran,* 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993). Even if the court does not think it is a "good idea" for a defendant to choose self-representation, where the defendant is competent to assert his or her right to self-representation it is not the court's role to inflict counsel on an unwilling defendant. *State v. Camacho,* 561 N.W.2d 160, 172 (Minn.1997).

In this case, appellant's reading level was brought up briefly on the third day of trial, during the state's direct examination of appellant's case worker. Quite simply, reading ability is not dispositive of making a decision to represent oneself, nor of the competence to represent oneself, and there is nothing in the record to suggest otherwise. *See State v. Thornblad,* 513 N.W.2d 260, 263 (Minn.App.1994) (denying defendant's request to represent himself was improper where only facts district court knew about defendant were he had general understanding of court protocol and rights but little formal education). On this record, the district court did not abuse its discretion when it did not conduct an inquiry into appellant's waiving of her right to counsel after it learned she tested below an eighth-grade reading level. *State v. Richards,* 456 N.W.2d 260, 264 (Minn.1990) (finding of knowing and intelligent waiver reversed only if clearly erroneous).

I would affirm.